IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

AMERICAN CONTRACTORS INDEMNITY
COMPANY,

    Plaintiff,

vs.

SPADES CONTRACTORS CORP. and
HARVEY LAMPERT.

    Defendants.
_____/

CASE NO.: 9:13-cv-80775-KLR

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
INCORPORATED BRIEF IN SUPPORT**

COMES NOW American Contractors Indemnity Company ("ACIC" or "the Plaintiff") and files this its Motion for Summary Judgment against Spades Contractors Corp., as corporate indemnitor; and Harvey Lampert, as individual indemnitor (collectively "the Defendants") and relying upon its incorporated memorandum of law, statement of undisputed material facts ("Statement"), and supporting affidavits moves this Court for judgment in its favor in accordance with Fed. R. Civ. P. 56. In support of its Motion for Summary Judgment, ACIC shows this Court as follows:

**PROCEDURAL HISTORY**

1

1. On August 8, 2013, ACIC filed its Complaint for Specific Performance; Breach of Contract; Exoneration; and common law indemnity, as arising out of an agreement of indemnity signed by the defendants (the "Indemnity Agreement").

2. On September 25, 2013, defendant Harvey Lampert filed a *pro se* Answer to ACIC's Complaint. Docket Entry (DE) 5.

3. Venue is proper in the above-styled case. Complaint ¶7.

4. Jurisdiction is proper in the above-styled case as to ACIC and to the Defendants. Complaint ¶5.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

5. As part of an application to ACIC for ACIC to issue two performance and payment bonds naming the United States of America and the Florida Department of Environmental Protection as obligees, and Spades Contractors Corp. (Spades) as principal, the defendant-indemnitors executed and delivered to ACIC a General Agreement of Indemnity dated February 4, 2009 (the "Indemnity Agreement"). Complaint ¶9; a true and correct copy of the Indemnity Agreement and Bonds is attached as Exhibit A and B, respectively.

6. By executing the Indemnity Agreement in ACIC's favor both the Defendants agreed to:

> Exonerate, indemnify, keep indemnified, reimburse and save and hold the Surety harmless from and against any and all demands, liabilities, losses, costs, damages, attorneys' fees and expenses, investigative fees and expenses, accountants' fees and expenses, engineering and other professional or consultants' fees and expenses of any kind, in-house attorneys' fees and expenses, interest, court costs and any and all other types of losses, costs or expenses of whatsoever kind or nature, and from and against all such losses, costs or expenses which the Surety may sustain or incur or which arise by reason of or in any manner in consequence of, no matter how remotely, any one or more of the following: the execution or procurement by the Surety of any Bond . . .

> Exhibit A / Indemnity Agreement at Paragraph 3.

The Defendants further agreed to:

> If an Event of Default shall occur, or if any claim is made against the Surety by any subcontractor, supplier, obligee or other person under any Bond, whether such event or claim shall be disputed or undisputed, contingent or non-contingent, or liquidated or unliquidated, and without limitation any other rights and remedies of the Surety under this Agreement or otherwise existing in law or at equity, upon the Surety's demand the Principal and Indemnitor shall immediately deposit with the Surety money, securities or other collateral in any amount, value, form and source as may be designated by and acceptable to the Surety in its sole and absolute discretion . . .

> Exhibit A / Indemnity Agreement at Paragraph 3.

7. After the Indemnity Agreement was executed by the defendants, and in reliance on that agreement, ACIC issued a performance and payment bond

no. 1000820598 and no. 1000820603 (the "Bonds") generally securing the performance of Spades for two projects known as the Roof Replacement at the Guana-Tolomato National Estauraine Research Reserve and United States Coast Guard (collectively the "Project").

| **Project Name** | **Obligee** | **Bond No.** |
|---|---|---|
| U.S. Coast Guard | U.S.A. | 1000820598 |
| Guana Roof Replacement | Fla. Dept. of Environmental Protection | 1000820603 |

See Affidavit of John C. Yi ("Yi Affidavit") attached herewith as Exhibit C at ¶5-6.

8. A true and correct copy of the Bonds issued by ACIC and naming the Spades Contractors Corp. as principal is attached as Exhibit B. The penal sum of the Bond no. 1000820598 was $69,500.00; and the penal sum of Bond no. 1000820603 was $850,000.00. Yi Affidavit ¶5.

9. Over the course of 2010, ACIC received several claims and demands for payment by various claimants against the Bond no. <u>1000820598</u>, to wit:

| **Claimant** | **Amount of Claim** |
|---|---|
| Florida Roofing | $3,620.23 |
| Soprema, Inc. | $29,905.14 |
| **TOTAL** | **$33,525.37** |

Yi Affidavit ¶12.

10. Over the course of 2011, ACIC received several claims and demands for payment by various claimants against the Bond no. <u>1000820603</u>, to wit:

| Claimant | Amount of Claim |
|---|---|
| Ray Williams Sheet Metal | $50,982.10 |
| Thorne Metal Systems, Inc. | $43,662.00 |
| Nelson & Company, LLC | $54,161.60 |
| Paul Woolley, Inc. | $2,880.00 |
| ABC Supply Co., Inc. | $99,546.92 |
| Consolidated Elect. Distributors | $50,062.29 |
| Jeff Scott Carpentry | $52,496.73 |
| Carcabas Elect. Service, Inc. | $7,000.00 |
| Moultrie Concrete & Masonry | $5,637.60 |
| Taylor Painting & Waterproofing | $15,750.00 |
| Barnes Indust. Plastic Piping, Inc. | $12,109.14 |
| Bowman Services & Electrical, Inc. | $1,847.00 |
| Certified Control Systems | $28,379.00 |
| Thermocline Corp. | $5,000.00 |
| Cintas Fire Protection | $2,450.00 |
| **TOTAL** | **$431,964.38** |

Yi Affidavit ¶12.

11. Before paying any claims made on the bonded project, ACIC investigated the claims in good faith, requiring the claimants to show that the goods and services for which payment was sought was delivered to or performed upon the Project and that the payment sought was reasonable. Yi Affidavit ¶9-10.

12. During the course of ACIC's investigation into bond no. 1000820603, ACIC was able to recover funds to the amount of $118.75 against the

aforementioned loss on this bond of $465,489.75, thereby reducing ACIC's claim on the Bonds to $465,371.00.  Yi Affidavit ¶12-13, 20.

13. As a result of ACIC's good-faith investigation into the validity of the claims against the bond, ACIC incurred reasonable expenses both in employing a consultant to assist in evaluating the underlying Project and claims, and with the hiring of a law firm to litigate the instant action against the indemnitor-defendants.  Yi Affidavit ¶15-16, 18-19.

14. ACIC instructed its attorneys Thompson & Slagle, LLC to file the instant action against the defendant-indemnitors for several claims including breach of contract arising out of the Indemnity Agreement.  Yi Affidavit ¶18.

15. ACIC incurred legal fees totaling $23,788.00 in connection with the Bonds and case-related costs of $2,043.46; ACIC further incurred consultant fees totaling $72,187.32 in connection with its claim investigation and subsequent payment of the Bonds.  Yi Affidavit ¶16, 19-20.

16. The attorney's fees incurred by ACIC to prosecute this breach of contract action against the Indemnitors are reasonable for counsel's experience, expertise and complexity of the claims and issues presented.  See Exhibit D, the Affidavit of DeWitte Thompson (the "Thompson Affidavit) ¶14, 16.

17. None of the Indemnitors have complied with the terms of the Indemnity Agreement and ACIC' demand letter to indemnify, exonerate and hold

6

harmless ACIC from the Bond claims made by the above-listed claimants. Yi Affidavit ¶21; see also a true and accurate copy of the demand letter attached herewith as Exhibit E.

## ARGUMENT AND CITATION OF AUTHORITY

a. **Standard of Review**

18. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). After adequate time for discovery, the Supreme Court has held that summary judgment is mandatory against a party failing to show the existence of an element essential to the proof of its case at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

19. The Court has instructed that "the substantive law will identify which facts are material" and that the trial judge, ruling on a summary judgment motion, must evaluate the evidence presented by the substantive evidentiary burden. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 254 (1986). The party moving for summary judgment has the burden of establishing the absence of a genuine issue of material fact. 477 U.S. at 256, 106 S.Ct. at 2514; Florida Power & Light Co. v. Allis Chalmers Corp., 893 F.2d 1313,

7

1318 (11th Cir.1990). When a motion for summary judgment has been made properly, the nonmoving party may not rely solely on the pleadings, but by affidavits, depositions, answers to interrogatories, and admissions must show that there are specific facts demonstrating that there is a genuine issue for trial. Fed.R.Civ.P. 56(c), (e); <u>Celotex</u>, 477 U.S. at 324, 106 S.Ct. at 2553.

a.   **Indemnity Agreements are Valid and Enforceable Under Florida Law.**

20.  By common law, by statute, and generally by written indemnity agreement, the surety is entitled to indemnity from its principal for any judgment and all costs incurred in defending a lawsuit against its bond.  See <u>Liberty Mutual Ins. Co. v. Aventura Engineering & Construction Corp</u>, 534 F. Supp. 1290 (S.D. Fla. 2008) (applying Florida law to agreements of indemnity in surety and principal context);   <u>United States Fire Ins. Co. v. J.S.U.B., Inc., etc., et al</u>, 979 So. 2d 871 (Fla. 2007) (a surety entitled to indemnification from contractor-principal); <u>Kochan v. American Fire & Cas. Co</u>. 200 So. 2d 213 (Fla. 2d DCA 1967).

21.  Indemnity is "a right which inures to a person who has discharged a duty which is owed by him but which, as between himself and another, should have been discharged by the other." <u>Stuart v. Hertz Corp.</u>, 351 So.2d 703, 705 (Fla. 1977).  A surety is entitled to indemnification from its principal for all damages it suffers as a result of the principal's default. See <u>Western</u>

World Insurance Co. v. Travelers Indemnity Co., 358 So.2d 602 (Fla. 1st DCA 1978); Thurston v. International Fidelity Ins. Co., 528 So. 2d 128 (Fla. 3d DCA 1988) (surety entitled to reimbursement pursuant to indemnity contract for any payments made by it in good-faith belief that it was required to pay, regardless of whether any liability actually existed); Waterhouse v. McDevitt & Street Co., 387 So.2d 470 (Fla. 5th DCA 1980) (surety entitled to indemnity even if principal not in default); Engbrock v. Federal Insurance Co., 370 F.2d 784 (5th Cir. 1967); The Revenue Markets Inc. v. Amwest Surety Insurance Co., 35 F.Supp.2d 899 (S.D. Fla. 1998) (surety entitled to indemnity even though principal prevailed against obligee); Employers Insurance of Wausau v. Able Green, Inc., 749 F.Supp. 1100, 1103 (S.D. Fla. 1990) (surety entitled to reimbursement under indemnity contract "for any payments made by it in a good faith belief that it was required to pay, regardless of whether any liability actually existed").

b. **Applicability of the Indemnity Agreement to the Defendants.**

22. Here, the Indemnity Agreement executed by the Indemnitors was given in consideration of, and as an inducement for, ACIC' issuance of the Bonds. Only after the defendants executed the Indemnity Agreement did ACIC issue the Bonds. Yi Affidavit ¶6.

23. The Indemnity Agreement, by its terms, protects ACIC against claims made, as well as against liability and loss. ACIC has incurred liabilities, losses and expenses (attorney fees) pursuant to its investigation of the claims asserted against the Bonds. The defendants are obligated under the Indemnity Agreement to deposit collateral security and indemnify ACIC for these liabilities, losses and expenses. The defendants' failure to do so constitutes a breach of the Indemnity Agreement.

24. Accordingly, ACIC' right to recover funds spent in connection with these bonds started to accrue when ACIC started its investigation of the validity of the claims and continued while ACIC prosecuted the current civil action. ACIC' right to recover funds paid will not end until ACIC has been indemnified for its liability, loses, costs and expenses encompassed by the Indemnity Agreement.

**c.     Attorneys' Fees Appropriate as Expressly Provided for Under the Indemnity Agreement.**

25. The Indemnity Agreement between the plaintiff-surety and the indemnitors **specifically provides for indemnification of the surety's attorney fees**. Exhibit A / Indemnity Agreement ¶2. As more particularly explained below, Florida law allows a plaintiff-surety to recover attorneys' fees it incurs both

in handling claims under the bond and in enforcing the terms of the indemnity agreement from the indemnitors.

26. Florida courts have awarded attorney's fees to the surety-plaintiff based on the "reasonableness" of the fee award as delineated in the supporting affidavits. Liberty Mutual Insurance Co. v. Aventura Engineering & Construction Corp, 534 F.Supp.2d 1290 (S.D. Fla. 2008) (court awarded the full amount of surety's fees based on the affidavit and statement of payments allowed by the prima facie evidence clause); but see Travelers Casualty & Surety Co. of America v. Grace & Naeem Uddin, Inc., 2009 WL 3878297 and 2009 WL 4110110 (S.D. Fla. 2009) (court held that, whenever attorney's fees are the subject of a claim, concept of "reasonableness" must be addressed when awarding fees). The District Court in Grace & Naeem (applying Florida law) interpreted the provision of the indemnity agreement as allowing the surety to meet its burden through the submission of a sworn statement verifying the payment of the fees. The indemnitors then have to carry the burden of proving "unreasonableness" of the fees. Id.

27. Here, the attorneys employed at the law firm representing the plaintiff provided legal services to ACIC (including investigation of the validity of the bond claims prior to litigation) to protect ACIC' interest under the bond. Thompson Affidavit ¶12-13.  In addition to evaluating the claims brought

11

under the bond, the plaintiff's attorneys filed and prosecuted this civil action to judgment. Thompson Affidavit ¶13.

28. As a result of the thorough investigation and litigation of this case from August 2013 to February 2014, the attorney's fees incurred to date by ACIC totals $23,788.00. Thompson Affidavit ¶14.

29. In addition to attorney's fees, the plaintiff has likewise spent a considerable amount of money on expenses both to investigate the claims and prosecute this civil action. These expenses include, but are not limited to: court costs, filing costs, service of process costs, travel expenses, copy fees, and postage fees. Thompson Affidavit ¶15.

30. The total amount of case-related expenses incurred on this case is $2,043.46. Therefore, the total amount spent by ACIC on both attorneys' fees and expenses are $25,831.46. Thompson Affidavit ¶15.

31. Under the case law cited *supra*, the indemnitors have not shown ACIC' attorney fees to be "unreasonable." Per the supporting affidavit submitted by DeWitte Thompson and attached as Exhibit D, the amount and nature of the attorney fees incurred by ACIC arising out of the bond is reasonable for the quality and type of work performed by ACIC's attorneys. Thompson Affidavit ¶14-15. Therefore, attorney fees and expenses that should be awarded to ACIC is $25,831.46. Id.

### d. Entry of Summary Judgment Appropriate Relief for Plaintiff-Surety

32. In this breach of contract action stemming from the Indemnitor-defendants failure to honor their obligations under an Indemnity Agreement executed in favor of ACIC, there remains no genuine issue of material fact that the Defendants owe ACIC $465,371.00 ($431,964.38 for Bond no. 10008200603 plus $33,525.37 for Bond no. 1000820598 less $118.75 for funds recovered) for the claims made (and paid) against the Bond; $23,788.00 for attorneys' fees; $72,187.32 for consultant fees; and $2,043.46 for case-related costs. Yi Affidavit ¶20.

33. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

34. Here, there is no dispute that the Indemnitors signed the Indemnity Agreement and no dispute that agreements of indemnity are, in fact, upheld by Florida courts. There is also no dispute that ACIC has suffered financial damage in the amount of **$563,389.78**, which arises out of the claims made against the Bond. Yi Affidavit ¶20. ACIC has suffered additional financial

loss via attorneys' fees and expenses paid to prosecute the interpleader and indemnity action. Yi Affidavit ¶20.

## CONCLUSION

As ACIC has shown this Court that under the undisputed material facts, the defendants are in breach of the General Indemnity Agreement that they executed in favor of ACIC, ACIC is entitled to judgment against the defendants in the full amount of the costs, expenses and claims it incurred under the Bonds, which is **$563,389.78** as of the date this Motion is filed.

Respectfully submitted, this 28th day of April 2014.

**THOMPSON & SLAGLE, LLC**

*/s/ J. Wolenski*

JOSEPH H. WOLENSKI
jwolenski@tandslaw.com
Fla. Bar No. 42948
Thompson & Slagle, LLC
12000 Findley Road, Suite 250
Johns Creek, GA 30097
T: 770.662.5999
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that as of the following date a true and accurate copy of the foregoing was filed with the Court's ECF System and furnished to the following recipients (pro se defendant) by USPS Mail to:

Harvey Lambert
805 Tangerine Way
Gulfstream, FL 33483

Respectfully submitted, this 28th day of April 2014.

**THOMPSON & SLAGLE, LLC**

*/s/ J. Wolenski*

JOSEPH H. WOLENSKI
jwolenski@tandslaw.com